# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

---

| | |
|---|---|
| **STEVEN KENT LUKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 09-CV-2235 |
| | ) |
| **ARNE DUNCAN, in his capacity** | ) |
| **as Secretary of Education,** | ) |
| | ) |
| **Defendant.** | ) |

## **OPINION**

This case is before the court for ruling on the Motion for Summary Judgment (#46) filed by Defendant, Arne Duncan. The pro se Plaintiff, Steven Kent Luker, has not filed a response to the Motion for Summary Judgment. This court has carefully considered Defendant's arguments and the documents filed. Following this careful and thorough consideration, Defendant's Motion for Summary Judgment (#46) is GRANTED.

## FACTS

On September 24, 2009, Plaintiff filed a pro se Complaint (#1) against Defendant. Plaintiff also filed a Motion to Proceed in forma pauperis (#2). On October 7, 2009, Magistrate Judge David G. Bernthal entered an Order (#6) and granted Plaintiff's Motion to Proceed in forma pauperis. Plaintiff was therefore allowed to proceed without paying a filing fee. In his pro se Complaint, Plaintiff asked this court to find that Defendant violated his due process right to challenge an offset and assignment of a $250 stimulus payment by the United States Treasury on behalf of the United States Department of Education. On July 19, 2010, Plaintiff filed a pro se Amended Complaint (#22). Plaintiff added an allegation that he demanded a refund and/or hearing regarding the offset of a $64.41 tax refund by the Department of Education. On October 21, 2010, a Discovery Order

(#32) was entered in this case and the case was set for a bench trial.

On July 14, 2011, Defendant filed a Motion for Summary Judgment (#46) and Exhibits (#47, #48, #49, #50, #51, #52, #53) in support of the Motion. On July 14, 2011, a Notice (#55) was sent to Plaintiff. The Notice stated:

> NOTICE IS HEREBY GIVEN that a case-dispositive motion (such as a motion for summary judgment or motion for judgment on the pleadings) has been filed. See Fed.R.Civ.P.12(b)(6), Fed.R.Civ.P.56; Fed.R.Civ.P12(c),. Please be advised that you have **twenty-one (21)** days from the date of filing to respond to the motion. If you do not respond, the motion, if appropriate, will be granted and the case will be terminated without a trial. See, generally, Lewis v. Faulkner, 689 F. 2d 100 (7th Cir. 1982); Timms v. Frank, 953 F. 2d 281 (7th Cir. 1992). Under the court's local rules, a motion is deemed to be uncontested if no opposing brief is filed. See L.R. CDIL 7.1(D)(2).
>
> When a motion for summary judgment is made and properly supported, you must not simply rely upon the allegations made in your complaint. Rather, you must respond by affidavit(s) or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, a copy of which is attached. Your response must set forth specific facts showing that there is a genuine issue of material fact for

trial. If you do not submit affidavits or other documentary evidence contradicting the defendants' assertions, the defendants' statement of facts will be accepted as true for purposes of summary judgment. **See Fed. R. Civ. P 56(e) and L.R. 7.1(attached)**.

On July 18, 2011, Plaintiff filed a pro se Motion for Sanctions (#56) and a pro se Motion for Extension of Time to Respond to Government's Motion for Summary Judgment (#57). Plaintiff stated that 21 days was inadequate time to prepare a response because he was "flooded" with "over 15 pounds of documents." Plaintiff also stated that he intended to call his treating physician at any hearing and needed adequate time to get a subpoena served on him. Plaintiff asked for at least 90 days to respond. On July 18, 2011, this court entered a text order and denied Plaintiff's Motion for Sanctions. This court also granted in part and denied in part Plaintiff's Motion for Extension of Time. This court granted Plaintiff's request for an extension of time to respond and allowed Plaintiff until September 19, 2011, to file his response. This court denied Plaintiff's request for a hearing on the Motion for Summary Judgment and stated that the court would decide the motion based upon the filings of the parties. This court stated that there will be no need for Plaintiff to subpoena his treating physician.

Plaintiff has not filed a response to the Motion for Summary Judgment and the time allowed for doing so has passed.

## ANALYSIS

### I. SUMMARY JUDGMENT STANDARD

Rule 7.1(D)(2) of the Local Rules of the Central District of Illinois provides:

> Within 21 days after service of a motion for summary judgment, any

party opposing the motion must file a response. A failure to respond will be deemed an admission of the motion.

The Seventh Circuit has repeatedly held that such a rule is "entirely proper." Doe v. Cunningham, 30 F.3d 879, 882 (7th Cir. 1994). Further, when the non-movant does not respond to the movant's statement of facts, the non-movant concedes the movant's version of the facts. Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir. 1994); Columbia Pictures Indus., Inc. v. Landa, 974 F. Supp. 1, 3 (C.D. Ill. 1997). Plaintiff was allowed 67 days, rather than 21 days, to respond to the Motion for Summary Judgment. Plaintiff was also sent a Notice informing him of the consequences of failing to respond. Plaintiff nevertheless has not filed a response and has not responded to Defendant's statement of undisputed relevant facts.

However, a party's failure to submit a timely response to a motion for summary judgment does not automatically result in summary judgment for the moving party. LaSalle Bank Lake View v. Seguban, 54 F.3d 387, 392 (7th Cir. 1995); see also Archer Daniels Midland Co. v. Whitacre, 60 F. Supp. 2d 819, 823 (C.D. Ill. 1999). It remains "the movant's burden to demonstrate that no genuine issue of material fact exists and that he is entitled to summary judgment as a matter of law." Doe, 30 F.3d at 883. Accordingly, the district court must make the further finding that summary judgment is proper as a matter of law. LaSalle Bank, 54 F.3d at 392, quoting Wienco Inc. v. Katahn Assocs., Inc., 965 F.2d 565, 568 (7th Cir. 1992).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based upon the evidence of

4

record, whether there is any material dispute of fact that requires a trial." Waldridge, 24 F.3d at 920.

## DEFENDANT'S MOTION

In this case, Defendant has provided detailed supporting documentation to establish that Plaintiff is entitled to no relief in this court. The undisputed evidence presented by Defendant shows that, in April 1992, Plaintiff executed a promissory note to secure a student loan of $3,117.00 from First Community Credit Union in Decatur, Illinois. Since 1999, the United States Department of Education has been the holder and owner of this loan and, as of May 10, 2011, the loan has an unpaid balance of $10,403.22. The Department of Education notified Plaintiff regarding the offset of the $250 stimulus payment and the $64.41 federal income tax refund. Plaintiff received a due process hearing on the record from the Department of Education regarding his challenge to the offset of the $250 stimulus payment in that the Department considered his objections and issued a written decision. The Department of Education has no record of receiving a challenge from Plaintiff to the offset of the $64.41 federal income tax refund.

This court has carefully reviewed all of the documentation submitted by Defendant as well as Defendant's citations of authority. Following this careful review, this court concludes that Defendant has met his burden to show that no genuine issue of material fact exists which requires a trial. This court specifically concludes that Plaintiff has no meritorious defense to the offset of the $250 stimulus payment or the $64.41 federal income tax refund. Based upon the undisputed facts and the applicable case law, this court agrees with Defendant that he is entitled to judgment on Plaintiff's claims as a matter of law.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion for Summary Judgment (#46) is GRANTED.

(2) Judgment is entered in favor of Defendant and against Plaintiff.

(3) This case is terminated. The final pretrial conference scheduled on November 18, 2011, at 1:30 p.m. and the bench trial scheduled on November 28, 2011 at 9:00 a.m. are hereby VACATED.

(4) This court makes the further finding that this case was frivolous and was abandoned by the pro se Plaintiff after Defendant's well-supported Motion for Summary Judgment was filed. Plaintiff is therefore prohibited from filing a similar pro se complaint without paying the full filing fee to this court.

ENTERED this 23rd day of September, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE